### BURGESS et al. v. TATE et al.

No. 17836. Opinion Filed Dec. 20, 1927.

(Syllabus.)

**Mortgages — Foreclosure—Confirmation of Sale—Lien of Judgment Creditor Decreed Inferior to Mortgage by Judgment not Appealed.**

Suit was brought to foreclose a mortgage. The mortgagor and a judgment creditor of the mortgagor were made defendants. The judgment creditor filed a cross-petition against the mortgagor and asked that his judgment be declared a lien upon the land covered by the mortgage The judgment foreclosed the mortgage and allowed a lien against the land in favor of the judgment creditor, but made it subject to the mortgage lien. No appeal was taken from the judgment. The land was sold under proper order of sale issued in obedience to the judgment foreclosing the mortgage. The mortgagor objected to the confirmation of the sale because she claimed, the land was her homestead. Held, that since the land was sold in obedience to the judgment foreclosing the mortgage, the purchaser took it free from the lien of the judgment creditor, and the court committed no error in confirming the sale over the objections of the mortgagor.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by H. W. Tate and another against Jennie Burgess and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Eck E. Brook, for plaintiffs in error.

E. C. Stanard, Vilas V. Vernor, and M. L. Hankins, for defendants in error.

HEFNER, J. H. W. Tate and the State National Bank of Shawnee. as plaintiffs, brought suit in the district court of Muskogee county against Jennie Burgess and Cora Burgess, as defendants, on a promissory note in the sum of $509.50, and for the foreclosure of a real·estate mortgage given to secure the same. This mortgage was subject to a first mortgage in the sum of $2,500. W. E. Rowsey was also made a party defendant. He answered and filed his cross-petition against defendant Jennie Burgess and prayed that his judgment against her be declared a lien upon the land in question subject to the first and second mortgages.

On May 29, 1925, Jennie Burgess and Cora Burgess filed a general demurrer. On June 9, 1925, the defendant Rowsey filed his answer and cross-petition. On June 14, 1925, the court overruled the demurrer filed by Jennie Burgess and Cora Burgess and gave them 15 days in which to answer. No further pleadings were filed by any one. On August 12, 1925, the case was tried to the court, plaintiffs and defendant Rowsey appearing, but the defendants Jennie Burgess and Cora Burgess made default. The court entered judgment for the plaintiffs, foreclosed the mortgage, and allowed a lien in favor of defendant W. E. Rowsey upon the land covered by the mortgage, but declared the lien inferior to the mortgages.

No motion for a new trial was filed by any one and no appeal was taken from the judgment entered. It, therefore, became final as to all matters adjudicated.

The mortgage waived appraisement and, after six months had expired, an order of sale was issued in obedience to the judgment foreclosing the mortgage. After proper advertisement the land was sold. The day after the sale, Jennie Burgess filed objections to the confirmation of the sale and claimed that the defendant Rowsey was not entitled to a judgment against her nor to have his judgment impressed as a lien upon the land in controversy because she claimed it as her homestead. The plaintiffs filed a motion to confirm the sale and, on a hearing thereof, the court overruled the objections filed by Jennie Burgess and confirmed the sale. From the order confirming the sale, Jennie Burgess has appealed to this court.

The land did not sell for a greater amount than was due the plaintiffs on their mortgage. The judgment lien of the defendant Rowsey against the codefendant Jennie Burgess was made subject to the mortgage lien. Since the land was sold under the judgment foreclosing

the mortgage, the purchaser took it free from the judgment lien of Rowsey and the sale extinguished his lien.

Since the mortgage of the plaintiffs is admitted to be a valid lien and their judgment a valid judgment, the court committed no error in confirming the sale. The judgment is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 42 C. J. p. 217, §1852; p. 226, §1863; p. 256, §1905; p. 259, §1911.